IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIE LOU MAYS,<br><br>         Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation, and TRUSTMARK INSURANCE COMPANY, a foreign corporation,<br><br>         Defendants. | Case No: CIV-15-763-M<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW the Plaintiff, Jennie Lou Mays, and for her causes of action against the Defendants alleges and states:

1. Plaintiff, Jennie Lou Mays, is a resident of Pottawatomie County, State of Oklahoma.

2. Defendant, Lincoln National Life Insurance Company, is a foreign corporation incorporated, domiciled and maintains its principal place of business in Boston, Massachusetts. Lincoln National Life Insurance Company is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

3. Defendant, Trustmark Insurance Company, is a foreign corporation incorporated, domiciled and maintains its principal place of business in Fort Wayne,

Indiana. Trustmark Insurance Company is authorized to transact business within the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

4. The amount in controversy is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

5. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

6. The involved long term care insurance policy, Policy No. TX3339, was in full force and effect at all times pertinent hereto.

7. Plaintiff, Jennie Lou May, purchased a long term care insurance policy from Lincoln National Life Insurance Company/Trustmark Life Insurance Company and made premium payments for this coverage.

8. Plaintiff timely made a claim for policy benefits with Lincoln National Life Insurance Company/Trustmark Life Insurance Company and has otherwise complied with all conditions precedent to receiving policy benefits.

9. Defendants breached the contract and the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendants knew that she was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.      withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.      refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.      refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.      refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.      forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendants knew were payable;

j.      failing to properly evaluate any investigation that was performed;

k.      refusing to consider the reasonable expectations of the insured;

l.      failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

m.      intentionally manipulating the policy language to support an unjustifiable denial;

n.      handling claims and providing benefits in a manner that is inconsistent with the policy language and promises made to the insured at the time of issuance of the policy;

o.      intentionally processing claims with conduct the Defendant knows is different than the benefits, claims service, and coverage that the Defendant promises and represents to their insured; and,

p.      improperly refusing coverage for mental conditions,

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendants.

10. As a direct result of the above described wrongful acts and omissions by Defendants, Plaintiff has suffered loss of the coverage promised by Defendants, mental and emotional distress, costs to mitigate damages and other damages.

11. Defendants' acts and omissions were life threatening to humans or intentional and unjustifiable or grossly reckless and wanton and Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants Lincoln National Life Insurance Company and Trustmark Insurance Company for her damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages in in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

**MANSELL ENGEL & COLE**

By: s/Mark A. Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
T: (405) 232-4100 ** F: (405) 232-4140
E-mail: mansell-engel@coxinet.net
ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**